United States Courts
Southern District of Texas
**ENTERED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DEC 2 2 2003

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § § | **H 03 5772** |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. |
| DANIEL L. GORDON, | § § § | **FINAL JUDGMENT AGAINST DANIEL L. GORDON** |
| Defendant. | § § § § | |

Plaintiff Securities and Exchange Commission ("SEC"), having filed a Complaint in this action; and the Defendant Daniel L. Gordon having waived service of process; having entered a general appearance; having consented to venue of this action; having admitted jurisdiction of this Court over him and over the subject matter of this action; having been fully advised and informed of his right to a judicial determination of this action; having waived the filing of an answer and the entry of findings of fact and conclusions of law as provided by Rule 52 of the Federal Rules of Civil Procedure; having waived any right he may have to appeal from the entry of this Final Judgment; having consented to the entry of this Final Judgment without admitting or denying any of the allegations in the Complaint, except as specifically set forth in the Consent and Undertaking of Daniel L. Gordon ("Consent"); it appearing that no notice of hearing upon entry of this Final Judgment being necessary; and the Court being fully advised in the premises;

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his



agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act")[15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, directly or indirectly, by, through the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   A.   employing any device, scheme, or artifice to defraud;

   B.   making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   C.   engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, & 240.13a-13] by filing or causing to be filed with the Commission any annual or quarterly report on behalf of any issuer required to be filed

with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by failing or causing the failure of any issuer having a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] to

    A.    make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

    B.    devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such

statements, and (II) to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-1 [17 C.F.R. § 240.13b2-1] promulgated under Section 13(b) of the Exchange Act [15 U.S.C. § 78m(b)] by falsifying, or causing to be falsified, any book, record, or account described in Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel L. Gordon, his agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Mr. Gordon is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VII

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the provisions of the Consent are incorporated herein with the same force and effect as if fully set forth herein and that Mr. Gordon shall comply with his Consent.

VIII.

IT IS FURTHER ORDERED, that this Court shall retain jurisdiction over this action for the purpose of enforcing this Final Judgment.

DATED: _December 19_, 2003

_____
UNITED STATES DISTRICT JUDGE